**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

|  |  |
|---|---|
| **ACTUS, LLC,** | |
|     Plaintiff, | |
|     **v.** | |
| **(1) AMAZON.COM, INC.;** | **CIVIL ACTION NO. 2:09-cv-168** |
| **(2) AMDOCS, INC.;** | |
| **(3) AMERICAN EXPRESS CO.;** | |
| **(4) APPLE, INC.;** | **JURY TRIAL DEMANDED** |
| **(5) BARNES & NOBLE, INC.;** | |
| **(6) BEST BUY CO., INC.;** | |
| **(7) CABELA'S, INC.;** | |
| **(8) CITIGROUP, INC.;** | |
| **(9) EBAY, INC.;** | |
| **(10) FIRSTVIEW, LLC;** | |
| **(11) MARKETING TECHNOLOGY CONCEPTS, INC.;** | |
| **(12) NETSPEND CORP.;** | |
| **(13) OFFICEMAX, INC.;** | |
| **(14) U.S. BANCORP; and** | |
| **(15) VIVOTECH, INC.,** | |
|     Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.     This is an action for patent infringement in which Actus, LLC makes the following allegations against: Amazon.com, Inc.; Amdocs, Inc.; American Express Co.; Apple, Inc.; Barnes & Noble, Inc.; Best Buy Co., Inc.; Cabela's Inc.; Citigroup, Inc.; eBay, Inc.; FirstView LLC; Marketing Technology Concepts, Inc.; NetSpend Corp.; OfficeMax Inc.; U.S. Bancorp; and ViVOtech, Inc. (collectively the "Defendants").

## PARTIES

2.     Plaintiff Actus, LLC ("Plaintiff") is a Texas limited liability company with its principal place of business at 201 W. Houston, Marshall, Texas  75670.  Plaintiff Actus' registered agent in Texas is Daniel F. Perez, 201 W. Houston, Marshall, Texas  75670.

3.     On information and belief, Defendant Amazon.com, Inc. ("Amazon"), is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144-2734.   Defendant Amazon's registered agent in Texas is Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

4.     On information and belief, Defendant Amdocs, Inc. ("Amdocs"), is a Delaware corporation with its principal place of business at 1390 Timberlake Manor Parkway, Chesterfield Missouri 63017.

5.     On information and belief, Defendant American Express Co. ("AMEX"), is a New York corporation with its principal place of business at 200 Vesey Street, New York, New York 10285.

6.     On information and belief, Defendant Apple, Inc. ("Apple"), is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014. Defendant Apple's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

7.     On information and belief, Defendant Barnes & Noble, Inc. ("Barnes"), is a Delaware corporation with its principal place of business at 122 Fifth Avenue, New York, New York, 10011.  Defendant Barnes' registered agent in Texas is Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, Texas 78701.

8.     On information and belief, Defendant Best Buy Co., Inc. ("Best Buy"), is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South,

Richfield, Minnesota 55423.  Defendant Best Buy's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

9.      On information and belief, Defendant Cabela's Inc. ("Cabela"), is a Delaware corporation with its principal place of business at One Cabela Drive, Sidney, Nebraska 69160.

10.      On information and belief, Defendant Citigroup, Inc. ("Citi"), is a Delaware corporation with its principal place of business at 399 Park Avenue New York, New York 10043.  Defendant Citi's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

11.      On information and belief, Defendant eBay, Inc. ("eBay"), is a Delaware corporation with its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.  Defendant eBay's registered agent in Texas is National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

12.      On information and belief, Defendant FirstView, LLC ("FirstView"), is a Georgia limited liability corporation with its principal place of business at 2778 Cumberland Parkway, P.O. Box 232, Smyrna, Georgia 30080.

13.      On information and belief, Defendant Marketing Technology Concepts, Inc. ("MTC"), is a Delaware corporation with its principal place of business at 1827 Walden Office Square, Suite 200, Schaumburg, Illinois 60173.

14.      On information and belief, Defendant NetSpend Corp. ("NetSpend"), is a Texas corporation with its principal place of business at 515 Congress Avenue, Suite 1950, Austin, TX 78701.

15.      On information and belief, Defendant OfficeMax Inc. ("OfficeMax"), is a Delaware corporation with its principal place of business at 265 Shuman Boulevard, Naperville, Illinois 60563. Defendant OfficeMax's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

16.      On information and belief, Defendant U.S. Bancorp ("Bancorp"), is a Delaware corporation with its principal place of business at U.S. Bancorp Center, 800 Nicollet Mall, Minneapolis, MN 55402.  Defendant Bancorp's registered agent in Texas is CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

17.     On information and belief, Defendant ViVOtech, Inc. ("ViVO"), is a California corporation with its principal place of business at 451 El Camino Real, 2nd Floor, Santa Clara, CA 95050.

## JURISDICTION AND VENUE

18.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

20.     On information and belief, Defendant Amazon is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

21.     On information and belief, Defendant Amdocs is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

22.     On information and belief, Defendant AMEX is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

23.     On information and belief, Defendant Apple is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at

least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

24.     On information and belief, Defendant Bancorp is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

25.     On information and belief, Defendant Barnes is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

26.     On information and belief, Defendant Best Buy is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

27.     On information and belief, Defendant Cabela is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

28.     On information and belief, Defendant Citi is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements

alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

29.     On information and belief, Defendant eBay is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

30.     On information and belief, Defendant FirstView is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

31.     On information and belief, Defendant MTC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

32.     On information and belief, Defendant NetSpend is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

33.     On information and belief, Defendant OfficeMax is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other

persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

34.     On information and belief, Defendant ViVO is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,328,189

35.     Plaintiff is the owner by assignment of United States Patent No. Pat. No. 7,328,189 ("the '189 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." The '189 Patent issued on February 5, 2008. A true and correct copy of the '189 Patent is attached as Exhibit A.

36.     Upon information and belief, Defendant Amazon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example, without limitation, Defendant Amazon is marketing, distributing, using, selling, and offering to sell its Checkout by Amazon products and/or services. Defendant

Amazon is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

37.    Upon information and belief, Defendant Amdocs has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Amdocs is marketing, distributing, using, selling, and offering to sell its Qpass products and/or services.  Defendant Amdocs is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

38.    Upon information and belief, Defendant AMEX has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.

The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example, without limitation, Defendant AMEX is marketing, distributing, using, selling, or offering to sell the following products and/or services: American Express Gift Cards; American Express ExpressPay; American Express Buyer Initiated Payment; and American Express Travelers Cheque Card. Defendant AMEX is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

39.    Upon information and belief, Defendant Bancorp has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example, without limitation, Defendant Bancorp is marketing, distributing, using, selling, or offering to sell the following products and/or services: U.S. Bank Gift card; U.S. Bank AccelaPay; U.S. Bank Buxx; U.S. Bank TravelMoney; and U.S. Bank ReliaCard prepaid cards. Defendant Bancorp is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

40.    Upon information and belief, Defendant Barnes has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a

first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Barnes is marketing, distributing, using, selling, or offering to sell the following products and/or services: Barnes & Noble Gift Cards; and Barnes & Noble Online Gift Certificates.  Defendant Barnes is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

41.    Upon information and belief, Defendant Best Buy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Best Buy is marketing, distributing, using, selling, or offering to sell the following products and/or services: Best Buy Gift Cards; and Best Buy Rewardzone.  Defendant Best Buy is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

42.    Upon information and belief, Defendant Cabela has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Cabela is marketing, distributing, using, selling, or offering to sell the following products and/or services: Cabela's Electronic Gift Certificate; and Cabela's Club Rewards.  Defendant Cabela is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

43.    Upon information and belief, Defendant Citi has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second

vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Citi is marketing, distributing, using, selling, or offering to sell the following products and/or services: Citi Prepaid Services Payroll Cards; Citi Prepaid Services Incentive Cards; Citi Prepaid Services Rebate Cards; and Citi Prepaid Services Disbursement Cards.  Defendant Citi is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

44.    Upon information and belief, Defendant eBay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type.  Prices for the goods or services are listed in relation to the electronic tokens of the second type.  The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant eBay is marketing, distributing, using, selling, or offering to sell the following products and/or services: PayPal, PayPal Debit, Payflow Gateway, PayPal Email Payments, PayPal Express Checkout, and eBay.com website.  Defendant eBay is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

45.    Upon information and belief, Defendant FirstView has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user

account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example, without limitation, Defendant FirstView is marketing, distributing, using, selling, or offering to sell its Espree Prepaid/Reloadable products and/or services. Defendant FirstView is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

46.    Upon information and belief, Defendant MTC has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example, without limitation, Defendant MTC is marketing, distributing, using, selling, or offering to sell the following products and/or services: DiamondRewards prepaid cards and 123 Jump prepaid cards. Defendant MTC is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

47.    Upon information and belief, Defendant NetSpend has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

[13]

infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant NetSpend is marketing, distributing, using, selling, or offering to sell the following products and/or services: General purpose reloadable card; Gift card; TravelMoney card; and Payroll card.  Defendant NetSpend is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

48.     Upon information and belief, Defendant OfficeMax has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor.  The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account.  The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type.  The electronic tokens of the second type issue from a second vendor.  The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type.  For example, without limitation, Defendant OfficeMax is marketing, distributing,

using, selling, or offering to sell its MaxPerks products and/or services. Defendant OfficeMax is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

49.     Upon information and belief, Defendant ViVO has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '189 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a user account is opened with a first vendor. The infringing products or services issue electronic tokens of a first type to the user, and add monetary value associated with the electronic tokens of the first type to the user account. The infringing products or services exchange the electronic tokens in the user account for electronic tokens of a second type. The electronic tokens of the second type issue from a second vendor. The infringing products or services provide purchasing or renting of goods or services through the second member vendor utilizing the electronic tokens of the second type. Prices for the goods or services are listed in relation to the electronic tokens of the second type. The infringing products or services transfer compensation from the first vendor to the second vendor in an amount equal to the monetary value associated with the electronic tokens of the second type. For example, without limitation, Defendant ViVO is marketing, distributing, using, selling, or offering to sell its ViVOnfc, ViVOwallet, ViVOplatform, and ViVOfob products and/or services. Defendant ViVO is thus liable for infringement of the '189 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,249,099

50.     Plaintiff is the owner by assignment of United States Patent No. 7,249,099 ("the '099 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." The '099 Patent issued on July 24, 2007. A true and correct copy of the '099 Patent is attached as Exhibit B.

51.     Upon information and belief, Defendant Amazon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or

services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server. The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant Amazon is marketing, distributing, using, selling, and offering to sell its Checkout by Amazon products and/or services. Defendant Amazon is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

52.    Upon information and belief, Defendant AMEX has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type. A second web server at a second vendor accepts electronic tokens of a second type. The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween. A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server. The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server. The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of

the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example, without limitation, Defendant AMEX is marketing, distributing, using, selling, or offering to sell the following products and/or services: American Express Buyer Initiated Payment; and American Express Travelers Cheque Card.   Defendant AMEX is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

53.     Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server.  The electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Apple is marketing, distributing, using, selling, or offering to sell the following products and/or services: Apple Store, iTunes, and iPhone Apps Store.  Defendant Apple is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

54.     Upon information and belief, Defendant Bancorp has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first

vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server, and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type.  Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type.  For example, without limitation, Defendant Bancorp is marketing, distributing, using, selling, or offering to sell the following products and/or services: U.S. Bank Gift card; U.S. Bank AccelaPay; U.S. Bank Buxx; U.S. Bank TravelMoney; and U.S. Bank ReliaCard prepaid cards.  Defendant Bancorp is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

55.     Upon information and belief, Defendant eBay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '099 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce in a manner where a first web server at a first vendor accepts electronic tokens of a first type.  A second web server at a second vendor accepts electronic tokens of a second type.  The infringing products and services provide a mall service provider server that communicates with the first web server and the second web server to facilitate electronic commerce therebetween.  A plurality of electronic tokens of the first type issue from the mall service provider server to the first web server – wherein the electronic tokens are adapted for use in electronic transactions for purchase or rental of goods or services from either the first web server or the second web server.  The infringing products and services issue a subset of the plurality of tokens of the first type to a user, and maintain a database in the mall service provider server.  The database comprises account information for the first web server,

and for electronic transactions conducted at the second web server utilizing electronic tokens of the first type. Compensation is transferred from the first web server to the second web server in an amount equal to the value associated with the electronic tokens of the second type. For example, without limitation, Defendant eBay is marketing, distributing, using, selling, or offering to sell the following products and/or services: PayPal, Payflow Gateway, PayPal Email Payments, PayPal Express Checkout, and eBay.com website. Defendant eBay is thus liable for infringement of the '099 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

<u>COUNT III</u>

<u>INFRINGEMENT OF U.S. PATENT NO. 7,177,838</u>

56. Plaintiff is the owner by assignment of United States Patent No. 7,177,838 ("the '838 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." The '838 Patent issued on February 13, 2007. A true and correct copy of the '838 Patent is attached as Exhibit C.

57. Upon information and belief, Defendant Amazon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted

from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Amazon is marketing, distributing, using, selling, or offering to sell the following products and/or services: Amazon Kindle & Kindle 2; and Checkout by Amazon. Defendant Amazon is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

58. Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Apple is marketing, distributing, using, selling, or offering to sell the following products and/or services: Apple Store, iTunes, and iPhone Apps Store. Defendant Apple is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

59. Upon information and belief, Defendant Barnes has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or

services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant Barnes is marketing, distributing, using, selling, or offering to sell its Barnes & Noble Online Gift Certificate products and/or services. Defendant Barnes is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

60.    Upon information and belief, Defendant Best Buy has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user

account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.  For example, without limitation, Defendant Best Buy is marketing, distributing, using, selling, or offering to sell its Best Buy Rewardzone products and/or services.  Defendant Best Buy is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

61.     Upon information and belief, Defendant Cabela has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments.  The infringing products or services are utilized to open a user account with a vendor for the user.  One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account.  Each electronic token is associated with monetary value of at least a fraction of a dollar.  The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels.  The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor.  The vendor web site computes a total price for the selected subset of products or services.  The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account.  If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor.  The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee.  For example, without limitation, Defendant Cabela is marketing, distributing, using, selling, or offering to sell the following products and/or services: Cabela's Electronic Gift Certificate; and Cabela's Club Rewards.  Defendant Cabela is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

62.     Upon information and belief, Defendant eBay has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant eBay is marketing, distributing, using, selling, or offering to sell the following products and/or services: PayPal, PayPal Debit, Payflow Gateway, PayPal Email Payments, PayPal Express Checkout, and eBay.com website. Defendant eBay is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

63.    Upon information and belief, Defendant OfficeMax has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '838 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce over the Internet using micropayments. The infringing products or services are utilized to open a user account with a vendor for the user. One or more electronic tokens issue from the vendor to the user's account, having no physical manifestation other than a database entry of the user account. Each electronic token is associated with monetary value of at least a fraction of a dollar. The infringing products or services are utilized to provide products and services that may be purchased from the vendor at micropayment levels. The user is permitted to select, at the vendor web site, a subset of products

or services for purchase from the vendor. The vendor web site computes a total price for the selected subset of products or services. The infringing products or services authorize a purchase transaction without requiring third-party authentication, or a physical manifestation of the user account. If the user account contains electronic tokens having a value equal to or greater than the total price, the user is permitted to purchase the selected subset of products or services without requiring the user to disclose personal information to the vendor. The total price is subtracted from the user account, while the purchase transaction is not subject to a minimum processing fee. For example, without limitation, Defendant OfficeMax is marketing, distributing, using, selling, or offering to sell its MaxPerks products and/or services. Defendant OfficeMax is thus liable for infringement of the '838 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 7,376,621**

64.    Plaintiff is the owner by assignment of United States Patent No. 7,376,621 ("the '621 patent") entitled "Method and Apparatus for Conducting Electronic Commerce Transactions Using Electronic Tokens." The '621 Patent issued on May 20, 2008. A true and correct copy of the '621 Patent is attached as Exhibit D.

65.    Upon information and belief, Defendant Amazon has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant. The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor. The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value. The user is allowed to make a

purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.  The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.  For example, without limitation, Defendant Amazon is marketing, distributing, using, selling, or offering to sell its Kindle & Kindle 2 products and/or services.  Defendant Amazon is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

66.    Upon information and belief, Defendant Apple has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '621 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and offering to sell products and/or services for conducting electronic commerce with a merchant.  The infringing products or services receive a request for an electronic commerce transaction with a vendor from a user using a client device, and the user is registered with the vendor.  The infringing products or services determine whether the user has adequate funds to finance the purchase of electronic tokens, issued and redeemable by the vendor, and having a predetermined nominal value. The infringing products or services sell electronic tokens to the user responsive to that determination, and store the purchased value in a user account. The infringing products or services determine whether the user has sufficient electronic token value in the user account to purchase at least one of a plurality of goods or services offered by the vendor, and enable the user to order if the user's account balance contains a sufficient electronic token value.  The user is allowed to make a purchase selection from amongst the plurality of goods or services offered by the vendor, at a purchase price expressed as an integer multiple of electronic tokens.  The infringing products or services transmit a confirmation to the user, summarizing the electronic commerce transaction, and electronically deliver the purchase selection to the user.  For example, without limitation, Defendant Apple is marketing, distributing, using, selling, or offering to sell the following products and/or services: Apple Store; iTunes; and iPhone Apps Store.  Defendant Apple is thus liable for infringement of the '621 Patent pursuant to 35 U.S.C. § 271(a), (b) & (c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '189 Patent;

2.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '099 Patent;

3.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '838 Patent;

4.      A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '621 Patent;

5.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '189 Patent;

6.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '099 Patent;

7.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '838 Patent;

8.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '621 Patent;

9.      A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '189 Patent as provided under 35 U.S.C. § 284;

10.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '099 Patent as provided under 35 U.S.C. § 284;

11.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '838 Patent as provided under 35 U.S.C. § 284;

12.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '621 Patent as provided under 35 U.S.C. § 284;

13.     An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made as of the date of correspondence with each Defendant, or at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

14.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

15.     Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**ACTUS, LLC**

Dated:  May 26, 2009                By:  <u>/s/ William E. "Bo" Davis, III</u>
                                         William E. "Bo" Davis III
                                         Texas State Bar No. 24047416
                                         **The Davis Firm, PC**
                                         111 West Tyler Street
                                         Longview, Texas 75601
                                         Phone: 903-230-9090
                                         Fax: 903-230-9661

                                         **ATTORNEY FOR PLAINTIFF**
                                         **Actus, LLC**